Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle (Yamali) Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiffs*
*Spin Master Ltd. and Spin Master, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPIN MASTER LTD. and SPIN MASTER, INC., <br><br> *Plaintiffs* <br><br> v. <br><br> BABY-HAPPY STORE, CHONGQING MOXUAN SANG TECHNOLOGY CO., LTD., DONGGUAN JIEMEIYUAN ACCESSORIES CO., LTD., FOR MY CHILD STORE, FOSHAN GAOMING MIBOHE TRADING CO. LIMITED, HUBEI JUZHONG TRADING CO., LTD., INCORY TOY STORE, LIN-XUAN STORE, MY BABY'S SHOE STORE, NINGBO YINZHOU YUANJUN IMP. & EXP. CO., LTD., SAIL FISH STORE, SHANTOU ASIAN ELEPHANT TOYS FACTORY, SHANTOU CHENGHAI BEKA TOYS FACTORY, SHANTOU CHENGHAI HENGYI TOY FACTORY, SHANTOU CHENGHAI JINSHUO TRADING FIRM, SHANTOU CHENGHAI QIANXILONG TOYS FACTORY, SHANTOU CHENGHAI SHENGFEI MODEL AIRPLANE TOYS BUSINESS, SHANTOU LONGHU LEKAMEI TOYS FIRM, SHANTOU NAN HUANG TOYS CO., LTD., SHENZHEN DOWELLA PLASTIC & ELECTRIC CO., LTD., SHENZHEN HENGYI GIFT PRODUCTS CO. | **CIVIL ACTION No. 20-cv-6456 (ER)** <br><br><br> **FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

LTD., SHENZHEN HONGLIXIN TECHNOLOGY ELECTRON LIMITED, SHENZHEN HUANOUYA TECHNOLOGY CO., LTD., SHENZHEN IRIS TECHNOLOGY CO., LTD., SHENZHEN LARK TRADING CO., LTD., SHENZHEN OGYA TECHNOLOGY CO., LTD., SHENZHEN SHARPHY ELECTRONIC CO., LTD, SHENZHEN XINLEWANG TECHNOLOGY CO., LTD., SHENZHEN YUESHENG TECHNOLOGY CO., LTD., SHENZHEN ZHENPIN GUANJIA TECHNOLOGY CO., LTD., YEEPUU COMMODITY CO., LTD. (YIWU), YIWU CHANGJIE TRADING CO., LTD., YIWU DAJIE IMPORT AND EXPORT CO., LTD., YIWU JIXU IMPORT AND EXPORT CO., LTD., YIWU MINKING E-BUSSINESS FIRM, YIWU QIUXIE E-BUSINESS FIRM, YIWU YANRUI ARTS & CRAFTS CO., LTD. and YIWU YUMA TRADE CO., LTD.,

*Defendants*

**GLOSSARY**

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiffs or Spin Master** | Spin Master Ltd. and Spin Master, Inc. | N/A |
| **Defendants** | Baby-Happy Store, Chongqing Moxuan Sang Technology Co., Ltd., Dongguan Jiemeiyuan Accessories Co., Ltd., For my child Store, Foshan Gaoming Mibohe Trading Co. Limited, Hubei Juzhong Trading Co., Ltd., Incory Toy Store, Lin-Xuan Store, My baby's shoe Store, Ningbo Yinzhou Yuanjun Imp. & Exp. Co., Ltd., Sail Fish Store, Shantou Asian Elephant Toys Factory, Shantou Chenghai Beka Toys Factory, Shantou Chenghai Hengyi Toy Factory, Shantou Chenghai Jinshuo Trading Firm, Shantou Chenghai Qianxilong Toys Factory, Shantou Chenghai Shengfei Model Airplane Toys Business, Shantou Longhu Lekamei Toys Firm, Shantou Nan Huang Toys Co., Ltd., Shenzhen Dowella Plastic & Electric Co., Ltd., Shenzhen Hengyi Gift Products Co. Ltd., Shenzhen Honglixin Technology Electron Limited, Shenzhen Huanouya Technology Co., Ltd., Shenzhen IRIS Technology Co., Ltd., Shenzhen Lark Trading Co., Ltd., Shenzhen Ogya Technology Co., Ltd., Shenzhen Sharphy Electronic Co., Ltd, Shenzhen Xinlewang Technology Co., Ltd., Shenzhen Yuesheng Technology Co., Ltd., Shenzhen Zhenpin Guanjia Technology Co., Ltd., Yeepuu Commodity Co., Ltd. (Yiwu), Yiwu Changjie Trading Co., Ltd., Yiwu Dajie Import And Export Co., Ltd., Yiwu Jixu Import And Export Co., Ltd., Yiwu Minking E-Bussiness Firm, Yiwu Qiuxie E-Business Firm, Yiwu Yanrui Arts & Crafts Co., Ltd. and Yiwu Yuma Trade Co., Ltd. | N/A |
| **Defaulting Defendants** | Baby-Happy Store, Chongqing Moxuan Sang Technology Co., Ltd., Dongguan Jiemeiyuan Accessories Co., Ltd., For my child Store, Hubei Juzhong Trading Co., Ltd., Incory Toy Store, Lin-Xuan Store, My baby's shoe Store, Sail Fish Store, Shantou Asian Elephant Toys Factory, Shantou Chenghai Hengyi Toy Factory, Shantou Chenghai Qianxilong Toys Factory, Shantou Chenghai Shengfei Model Airplane Toys Business, Shantou Longhu Lekamei Toys Firm, Shantou Nan Huang Toys Co., Ltd., Shenzhen Dowella Plastic & Electric Co., Ltd., Shenzhen Hengyi Gift Products Co. Ltd., Shenzhen Honglixin Technology Electron Limited, Shenzhen Ogya Technology Co., Ltd., Shenzhen | N/A |

|  | Sharphy Electronic Co., Ltd, Shenzhen Xinlewang Technology Co., Ltd., Shenzhen Yuesheng Technology Co., Ltd., Shenzhen Zhenpin Guanjia Technology Co., Ltd., Yiwu Changjie Trading Co., Ltd., Yiwu Dajie Import And Export Co., Ltd., Yiwu Jixu Import And Export Co., Ltd., Yiwu Minking E-Bussiness Firm, Yiwu Qiuxie E-Business Firm, Yiwu Yanrui Arts & Crafts Co., Ltd. and Yiwu Yuma Trade Co., Ltd. |  |
|---|---|---|
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on August 14, 2020 | Dkt. 1 |
| **Complaint** | Plaintiffs' Complaint filed on August 14, 2020 | Dkt. 6 |
| **Application** | Plaintiffs' *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on August 14, 2020 | Dkts. 10-13 |
| **Harrs Dec.** | Declaration of Christopher Harrs in Support of Plaintiffs' Application | Dkt. 12 |
| **Yamali Dec.** | Declaration of Danielle S. Yamali in Support of Plaintiffs' Application | Dkt. 11 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on August 14, 2020 | N/A |
| **PI Show Cause Hearing** | September 8, 2020 hearing to show cause why a preliminary injunction should not issue | N/A |

| PI Order | September 8, 2020 Preliminary Injunction Order | Dkt. 5 |
|---|---|---|
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Infringing Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Flutterbye Works** | U.S. Copyright Registration Nos: VA 1-899-358 covering the Flutterbye packaging artwork; VA 1-861-460 covering the Flutterbye Flying toy figurine; VA 1-901-312 covering the Flutterbye Flower Fairy toy; 1-913-178 covering the Flutterbye Ocean Fairy toy; VA 1-912-815 covering the Flutterbye Sunbeam Fairy toy; VA 1-900-805 covering the Flutterbye Stardust Fairy toy; and VA 1-899-356 covering the Flutterbye Fairy instruction manual | N/A |
| **Flutterbye Products** | Hand-held winged toys that are designed to look like fairies. They are motor-controlled and float above users' palms using electrostatic levitation, and each Flutterbye Fairy includes a decorative base | N/A |
| **Infringing Products** | Products bearing or used in connection with the Flutterbye Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Flutterbye Works, and/or bearing or used in connection artwork that is substantially similar to the Flutterbye Works and/or products that are identical or substantially similar to the Flutterbye Products | N/A |
| **Infringing Listings** | Defendants' listings for Infringing Products | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or | N/A |

| | | |
|---|---|---|
| | Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Infringing Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Defendants' Frozen Assets** | Defendants' Assets from Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action | N/A |
| **Plaintiffs' Motion for Default Judgment** | Plaintiffs' Application for an Order to Show Cause Why Default Judgment and a Permanent Injunction should not be entered Against Defaulting Defendants filed on October 29, 2021 | TBD |
| **Futterman Aff.** | Affidavit by Danielle (Yamali) Futterman in Support of Plaintiffs' Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiffs for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' copyright infringement arising out of Defaulting Defendants' unauthorized use of Plaintiffs' Flutterbye Works, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Infringing Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Danielle (Yamali) Futterman in support of Plaintiffs' Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendant, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.      **Defaulting Defendants' Liability**

1) Judgment is granted in favor of Plaintiffs on all claims properly pled against Defaulting Defendants in the Complaint;

## II.      **Damages Awards**

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory purposes of the Copyright Act's prohibitions on willful infringement, and because Plaintiffs have sufficiently set forth the basis for the statutory damages award requested in their Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiffs are awarded statutory damages in the amount of $50,000.00 ("Defaulting Defendants' Individual Damages Award") against each of the thirty (30) Defaulting

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

Defendants pursuant to Section 17 U.S.C. § 504(c) of the Copyright Act, plus post-judgment interest, for a total of One Million Five Hundred Thousand Dollars ($1,500,000.00);

### III.   Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. reproducing, copying, preparing derivative works of, publicly displaying and/or distributing, transferring and/or selling copies of Plaintiffs' Flutterbye Works through their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products, or any other products using the Flutterbye Works that are substantially similar to, identical to and constitute an infringement of the Flutterbye Works;

   B. directly or indirectly infringing in any manner Plaintiffs' Flutterbye Works;

   C. using any reproduction, copy or colorable imitation of Plaintiffs' Flutterbye Works to identify any goods or services not authorized by Plaintiffs;

   D. using Plaintiffs' Flutterbye Works and/or any other works that are substantially similar to the Flutterbye Works on or in connection with Defaulting Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products;

2

E.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to:

   i.  Defaulting Defendants' User Accounts and/or Merchant Storefronts;

   ii. Defaulting Defendants' Assets; and

   iii. the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

F.  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiffs any and all Infringing Products and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiffs' copyrights or other rights including, without limitation, the Flutterbye Works, or bear any works that are substantially similar to the Flutterbye Works;

3)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

A.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents

or any other records or evidence relating to Defaulting Defendants' Assets from or to

Defaulting Defendants' Financial Accounts; and

B.  knowingly instructing, aiding or abetting any other person or business entity in

engaging in any of the activities referred to in subparagraphs III(1)(A) through

III(3)(A) above.

## IV.  Dissolution of Rule 62(a) Stay

1)  IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30-day automatic stay

on enforcing Plaintiffs' judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## V.  Miscellaneous Relief

1)  Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed

contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined

by the Court, including fines and seizure of property;

2)  The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiffs

submitted in connection with this action to counsel for Plaintiffs, Epstein Drangel, LLP, 60

East 42nd Street, Suite 2520, New York, NY 10165; and

3)  This Court shall retain jurisdiction over this matter and the parties in order to construe and

enforce this Order.

**SO ORDERED.**

SIGNED this 9th day of _____December_____, 2021

_____

HON. EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE